# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 14, 2013

146458 & (63)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

AUTO-OWNERS INSURANCE COMPANY,
          Plaintiff-Appellant,

v

TAX CONNECTION WORLDWIDE, LLC,
JOHN R. BEASON, TAX CONNECTION
WORLD, and JACKSON'S FIVE STAR
CATERING, INC.,
          Defendants-Appellees.

SC: 146458
COA: 306860
Kent CC: 2010-006430-CK

_____/

On order of the Court, the motion for leave to file a brief amicus curiae is GRANTED. The application for leave to appeal the December 4, 2012 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Jackson's Five Star Catering, Inc., brought an action against Tax Connection Worldwide, LLC, arguing that the latter violated the Telephone Consumer Protection Act, 47 USC 227, when it faxed an unsolicited advertisement to the former. Auto-Owners Insurance Company brought this action seeking a declaration that it has no duty to defend, but its arguments were rejected by the trial court, and the Court of Appeals affirmed.

The policy at issue here covers an "advertising injury"—an "injury arising out of one or more of the following offenses"—with Tax Connection asserting that (b) specifically is at issue:

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      b. *Oral or written publication of material that violates a person's right of privacy*;

      c.  Misappropriation of advertising ideas or style of doing business; or

      d. Infringement of copyright, title or slogan.  [Emphasis added.]

I agree with Auto-Owners that it is unreasonable to conclude that the faxing of an unsolicited advertisement can be said to "violate[] a person's right of privacy."  First, it is clear that subparts (a), (c), and (d) of the policy all refer to the *substantive* content of what was faxed and that (b) should also be construed as referring to the substantive content of what was faxed.  Second, Tax Connection's interpretation of "right of privacy" is inconsistent with the traditional meaning of that term in the tort context, in which an invasion of privacy generally refers to the publication of private or confidential information concerning an individual.  See, e.g., *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 306 (2010).  It is undisputed that the substantive content of the fax at issue here did not implicate any such information.  For these reasons, I would reverse the judgment of the Court of Appeals.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 14, 2013



s0611

Clerk